UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF C,<br><br>Plaintiff,<br><br>v.<br><br>ANDY BILOTTI; AND DOES 1 TO 6 INCLUSIVE,<br><br>Defendants. | No.  2:15-cv-1341 TLN AC (PS)<br><br>ORDER |

This matter is before the Court pursuant to Defendant's Notice of Removal and Motion to Proceed in Forma Pauperis.  For the reasons set forth below, Defendant's Motion to Proceed in Forma Pauperis is GRANTED.  The Court hereby remands the action to the Superior Court of California, County of Sacramento, due to lack of subject-matter jurisdiction.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On or about November 24, 2014, Plaintiff bought the property at 3333 Serra Way, Sacramento, CA 95816 ("the Property") at a trustee's sale following foreclosure proceedings. (Compl., ECF No. 1 at 13-14.)  The Complaint alleges that on December 12, 2014, Defendant was served a three-day written notice to vacate the Property and deliver up possession of the Property, in accordance with Cal. Civ. Pro. Code § 1162.  (ECF No. 1 at 14-15.)  Plaintiff claims

1

that three days passed without Defendant's compliance, and that Defendant continues to possess the Property without Plaintiff's consent.  (ECF No. 1 at 15.)

Plaintiff commenced an action for unlawful detainer in the Superior Court of California, County of Sacramento, on December 26, 2014.  On June 23, 2015, Defendant filed a Motion to Proceed in Forma Pauperis and a Notice of Removal in this Court.

## II.     STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 386.  Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court.  *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III.    ANALYSIS

Defendant removed this case to this Court on the basis of federal question jurisdiction. Defendant argues that the Protecting Tenants at Foreclosure Act of 2009 ("PTFA") gives rise to a federal question by identifying two ways in which the statute is drawn into controversy in the instant case.

Defendant states that Plaintiff's claim "is based upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201." (ECF No. 1 at ¶ 7.) Plaintiff's reference to the PTFA is contained in Exhibit B of Plaintiff's Complaint, which contains the notice given to defendants on December 12, 2014. (ECF No. 1 at 21–24.) The document states it constitutes a notice to vacate within the meaning of the federal PTFA and informs the defendants of available resources should they have questions regarding their rights. However, the Complaint itself contains only a single claim for unlawful detainer. (ECF No. 1 at 13–16.) Under the well-pleaded complaint rule, "federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. The instant Complaint relies solely on California state law and does not mention expressly or impliedly 12 U.S.C. § 5201. The Complaint does not state claims under the PTFA or any other federal law. The well-pleaded complaint rule makes the plaintiff the master of his claim, so he may avoid federal jurisdiction by basing his claim exclusively on state law, as is the case here. *Caterpillar*, 482 U.S. at 392.

Defendant alleges the statute is at issue because it provides for a ninety day notice period prior to filing a state eviction proceeding and Plaintiff filed suit before the expiration of the ninety day period. (ECF No. 1 at ¶ 7.) It seems Defendant means to assert subject matter jurisdiction by alleging plaintiff violated the PTFA.[1] However, removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden*, 556 U.S. at 49; *Hunter v. Philip Morris USA*, 582 F.3d at 1042–43. While Defendant contends in the notice of removal that Plaintiff has violated a federal law, this assertion relates only to an affirmative defense or potential counterclaim, which is not considered in evaluating whether a federal question appears on the face of a plaintiff's complaint. See *Vaden*, 556 U.S. at 60-62. "[A] counterclaim – which appears as part of the defendant's

---

[1] In any event, the Ninth Circuit has held that no private right of action exists under the PTFA. *Logan v. U.S. Nat. Assoc.*, 722 F.3d 1163, 1173 (9th Cir. 2013). Further, "the PTFA is framed in terms of 'protections' for tenants, suggesting that it was intended to provide a defense in state eviction proceedings rather than a basis for offensive suits in federal courts." *Id*. at 1173 (emphasis added).

answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

In summary, the state court Complaint indicates that the only cause of action is one for unlawful detainer, which arises solely under state law and not under federal law. Thus, this action does not arise under federal law and no other grounds for federal jurisdiction are apparent. Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

**IV.   CONCLUSION**

Defendant has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, the Court hereby GRANTS Defendant's Motion to Proceed in Forma Pauperis.

For the foregoing reasons, the Court hereby remands the action to the Superior Court of California, County of Sacramento

IT IS SO ORDERED.

Dated:  August 25, 2015

Troy L. Nunley
United States District Judge